IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOVAN H.[1], | : | Case No. 3:20-cv-00184 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.   INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income in July 2016. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he is not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This case is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials.")

Statement of Errors (Doc. 10), the Commissioner's Memorandum in Opposition (Doc. 13), Plaintiff's Reply (Doc. 14), and the administrative record (Doc. 9).

## II.     BACKGROUND

Plaintiff asserts that he has been under a disability since June 24, 2004.[2] He was thirty-three years old on the date the application was filed. Accordingly, Plaintiff was considered a "younger person" for purposes of determining his entitlement to disability benefits. *See* 20 C.F.R. § 416.963(c). He has a high school education. *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 9-2, PageID 40-49), Plaintiff's Statement of Errors (Doc. 10, the Commissioner's Memorandum in Opposition (Doc. 13), and Plaintiff's Reply (Doc. 14). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III.    STANDARD OF REVIEW

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See* 20 C.F.R. § 416.335.

of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); see 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Id.*

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

3

(citation omitted). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. FACTS

### A. The ALJ's Findings of Fact

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since July 13, 2016, the application date. |
| Step 2: | He has the severe impairments of history of open reduction internal fixation of the right hip; atrophic right leg; and degenerative disc disease of the lumbar spine. |
| Step 3: | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work subject to the following limitations: lift and carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for about two hours in an eight-hour workday; can sit for up to six hours in an eight-hour workday; requires a sit/stand option in which he can sit for 20 minutes before needing to stand for five to 10 minutes; can occasionally operate foot controls with the right lower extremity; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, and crouch; can never crawl; can never work at unprotected heights or around dangerous machinery; can never operate a motor vehicle; must avoid concentrated exposure to extreme cold; and requires the use of cane for balance and ambulation.<br><br>Plaintiff has no past relevant work. |
| Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. |

(Doc. 9, PageID 42-48.)  These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits.  (*Id.*, PageID 49.)

5

### B. Treating Physician Martin Schear, M.D.

Dr. Martin Schear, M.D., treated Plaintiff on three occasions between December 2016 and April 2017. (Doc. 9-7, PageID 335-41.) Dr. Schear rendered a medical opinion on November 17, 2018. (*Id.*, PageID 355-60.) That same day, he issued prescriptions for a walker and a handicap placard. (*Id.*, PageID 353-54.) Dr. Schear opined that Plaintiff could stand and walk for five minutes at a time with an assistive device and for a total of two hours during an eight-hour workday. (Doc. 9-7, PageID 356.) He further opined that Plaintiff would be absent more than three times per month and would be distracted by his pain for two-thirds of an eight-hour workday. (*Id.*, PageID 359.) He based his opinions on Plaintiff's back pain, foot drop, and muscular atrophy. (*Id.*, PageID 355-59.)

The ALJ concluded that Dr. Schear's opinion was entitled to "little, and not controlling, weight because his opinion is inconsistent with the medical evidence of record." (Doc. 9-2, PageID 47.) The ALJ explained:

> While [Dr. Schear] indicated that the claimant can only stand and walk for five minutes at a time with the use of an assistive device, the claimant himself testified at the hearing that he is able to stand for 15 to 20 minutes with the use of a cane…. He also did not provide a basis for his opinion that the claimant would be absent from work more than three days per month and this limitation is not supported by the frequency of treatment or conservative medical treatment he has received. Although he noted that the claimant would be distracted by his pain for two-thirds of the workday, the claimant has not been prescribed any narcotic or other pain medication … that would support this severity of pain. Furthermore, the claimant's radiologic imaging has demonstrated only mild findings, which also does not support the severity of pain suggested by his opinion …. Lastly, he only apparently treated the claimant over a five-month period ending in April 2017 before subsequently writing a prescription for a walker and handicap placard and giving this medical source statement in November 2018, thus

> he does not have a longitudinal perspective regarding the claimant's condition.

(*Id.*)

## V. LAW AND ANALYSIS

Plaintiff argues that the ALJ improperly substituted her opinion for that of Plaintiff's treating physician and failed to adequately evaluate the medical evidence. (Doc. 10, PageID 361.) Plaintiff's arguments are not well-taken.

### A. Applicable Law

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 416.927 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(b), (c). Further, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides . . . medical treatment or evaluation and who has . . . an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not

inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

The treating physician rule does not require ALJs to ignore inconsistencies between a treating source's opinion and the opinions of other medical sources. Instead, an ALJ can "properly discount even a treating source opinion if the opinion is unsupported and inconsistent with other substantial evidence in the record." *Herndon v. Comm'r of Soc. Sec.*, Case No. 20-6094, 2021 U.S. App. LEXIS 15178, *15 (6th Cir. May 20, 2021).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Hargett*, 964 F.3d

at 552 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

### B. Analysis

Substantial evidence supports the ALJ's findings that Dr. Schear's opinion is entitled to little weight, not controlling weight. The ALJ found that Dr. Schear's opinions were inconsistent with, and not supported by, Plaintiff's treatment history, radiologic imaging, and Plaintiff's own testimony. (Doc. 9-2, PageID 47.) The ALJ found that Dr. Schear did not explain why Plaintiff would be absent from work for more than three days per month and that the evidence in the record did not support such a limitation. (*Id.*) The ALJ found that Dr. Schear's opinion that pain would distract Plaintiff for two-thirds of the workday was unsupported because Plaintiff was not prescribed pain medication for this severity of pain. (*Id.*) The ALJ also found that Dr. Schear's opinion was entitled to little weight because of the relatively short length of the treating relationship. (*Id.*) These findings are supported by substantial evidence and so cannot be reversed by this Court.

The ALJ did not improperly substitute her lay opinion for that of Dr. Schear. Beyond specific diagnoses of chronic pain of the right lower extremity, paresthesia, and chronic bilateral low back pain with sciatica, Dr. Schear's clinical findings were limited.

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

On exam, Dr. Schear observed normal range of motion and decreased sensation to touch of right leg. (Doc. 9-7, PageID 324.) Radiologic results showed "[c]hronic degenerative and posttraumatic changes," but "stable radiographs of the lumbar spine," with "[n]o evidence of acute fracture or subluxation." (*Id.*, PageID 352.) The ALJ was required to evaluate this medical evidence. 20 C.F.R. § 416.945(a)(3); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x. 435, 439 (6th Cir. 2010).

Substantial evidence supports the ALJ's inclusion of a cane, rather than a walker, in Plaintiff's RFC. There is limited evidence that Plaintiff required consistent use of a walker, or any type of assistive device, prior to the hearing. (Doc. 9-2, PageID 45.) The ALJ noted that Plaintiff "had been prescribed a wheelchair and walker after his injury" but found that "there is no objective evidence to suggest that [he] would require anything more than a cane, as he has had a generally normal gait, with only a slight limp and a slight to minimal right foot drop." (*Id.*, PageID 43-45.) The report of consultative examiner Dr. Damian Danopulos stated that Plaintiff "appeared for the examination without ambulatory aids" and had "a normal gait without ambulatory aids." (*Id.*) And Plaintiff testified that he could stand for 15 to 20 minutes with the use of a cane, and could stand "comfortably" without his cane for five or 10 minutes. (*Id.*, PageID 88-89.) Notably, the ALJ rendered a limitation consistent with this testimony by providing for the

use of a cane for balance and ambulation as well as a sit/stand option allowing him to "sit for 20 minutes before needing to stand for five to 10 minutes." (*Id.*, PageID 43.)

## VI. CONCLUSION

For the reasons discussed above, the ALJ properly applied the governing legal framework and substantial evidence supports her conclusions. Accordingly, Plaintiff's Statement of Errors lacks merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. 10) is **OVERRULED;**

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

11